Freeman, J.,
delivered the opinion of the Court.
In May, 1867, Sally A. Ellis sold and conveyed a tract of land containing upwards of six hundred aereé, to Turner S. Foster, for the sole and separate use of his wife Harriet E. Foster, the consideration being about $25,000, for which sum notes were given, payable at various times subsequently, and a lien retained on the face of the deed for the payment of the purchase money. The purchasers, Foster and wife, went into possession of the land.
*132 A bill was filed by complainant Sally A. Ellis alleging these fact,s; and that the purchase money was unpaid; that the parties had removed to another State, and had rented the lands to various tenants, said bill asking for an attachment against them, to be levied on the lands, and also on the rents for the year 1869, the same being unpaid. Afterwards the tenants answered and acknowledged they had rented the lands, one of them saying -he had given his promissory note to Foster for the rent, due January 1, 1870, and had sowed about fifty acres of wheat, entering into a written contract by which he was to have one-half of the wheat for sowing and cutting, etc. Another claimed that he also had given his note for rent of another portion of the land, due as the above, and bound himself by written contract to take care of the place, etc. They then proceeded to say that some short time after giving the notes, in December, 1868, they had been notified by Turner S. Foster, to wholm they were given, that their notes had been transferred to one Briggs, as well as their contract with reference to the wheat, and to deliver the wheat, etc., to Briggs.
After this, complainant dismissed her attachment as to the rents, and a decree was had pro confesso for the amount of the debt due, and for enforcement of the vendor’s lien, and • the land was ordered to be sold. This was done at the April Term, 1869.
The Clerk proceeded to sell said land on the fourth day of October afterwards, and made his report to the October Term, which was confirmed ’ by the Court. S. F. Glass became the purchaser at this sale, at the *133 sum of $19,500, and gave his notes for the purchase money. At the same term it was ordered by the Court, after reciting the facts of the sale and the confirmation thereof, as above/ and that Glass had complied with terms, “that unless the defendant and his tenants surrender possession on or before the first of January, 1870, a writ of possession should issue on application of Glass, the purchaser, to put him in possession of the land, etc.”
At the August Term, 1870, Glass filed a petition in. the cause in which he claims he had paid about the sum of $400, taxes due on the land, and asks that this sum be allowed him as a credit on his notes.
He also claims that as the sale was confirmed in October, 1869, and the rents were not due till January, 1870, and as there was no special reservation of these rents in the decree, he is entitled to the rents for that year; — and an agreed state of facts, embodying substantially the above statement of the case, was placed on record in order that the court might adjudicate and settle this question between the parties to the case.
As to the question of taxes paid, we have no difficulty in holding that the purchaser is entitled to have the credit claimed. The taxes were by law a charge and lien on the land. See Code ss. 554, 555; and when the purchaser discharges this lien, under the circumstances of this case a court of equity would be bound to allow it as an abatement on the price, unless the land was ordered to be, or was, sold by the *134 Master, subject to the payment of the charge. It is not shown that Glass purchased with a knowledge that the taxes were unpaid, or with the understanding that he was to take the land subject to this burden.
We hold therefore that the Chancellor erred in refusing to allow a credit for the taxes thus paid.
The question of the right of the purchaser to the rents falling due January, 1870, has been pressed on us with much earnestness by the counsel for Glass. We are referred to several cases which are claimed to settle the law in favor ■ of the right. We proceed to examine them for a moment to see what has been actually adjudicated on this question in this State. The case in 1 Swan’s R., 87, was a judicial sale, but by the law under which the sale was made the purchaser did not obtain the title, but the same remained in the State, until the purchase money should be paid.The court simply held that the tenants could not defend against the- landlord, and resist a recovery of the rent, on the ground of payment to the purchaser of the land. The question presented in this case was not raised in that, and was not decided, although some incidental remarks of the Judge-" who delivered the opinion might tend to the conclusion sought to be deduced from it--'by the counsel in this ease.
We may add that the principle upon which the cases seem to rest in which it is held that by a sale of the fee or reversion the notes falling due after the sale go to the purchaser, is that the purchaser is substituted to the rights of the landlord vendor.
Next referred to is 5 Sneed, 94, which was a case *135 between a devisee of the land and the executors of the devisor, - when the contest was as to the right of the growing crop, which was held on well settled principles to go to the devisee. This case has no application to that now before us.
The case of Gibbs v. Ross, administrator, 2 Head, 439, is apparently the strongest in favor of the position sought to be maintained. In that case, Parnetta Thompson, the intestate of Ross, had rented a tract oí land to Gibbs in March, 1855, for that year and the year 1866. The rent the first year, was to be paid in improvements to be made on the land. Before the end of the year 1855, Gibbs purchased the land from Parnetta Thompson and her sisters. Ross, the administrator of Parnetta Thompson, brought suit for the rent. The court held, that it was clear that as the rent was payable in- improvements, no recovery could be had in the case. The court say however in substance that the general rule is as laid down by Kent, “that a sale passes the right to the rents that subsequently become due, as incident to the reversion, but-not the rents in arrear,”, and that the rent is not in arrear, until after it is due, and th'at, if the sale is without any stipulation to the contrary, rents not due pass with the reversion. The case before the court did not call for a decision of .this question, as no time was fixed by the contract when the improvements should be placed on the land. In addition to this, it was a ■ case of the landlord himself, or his personal representatives, seeking ■ to recover the rents from the tenant after having sold him the-land; and by any fair *136 interpretation of the contract, it is evident that it was not the purpose or understanding of the parties, that the vendor should still have the right to recover rent from the former' tenant. The contrary purpose was fairly inferable from the facts of the case. We think this case was properly decided, and confining it to its facts feel no inclination to disturb it.
But the present case presents quite a different state of facts from either of those above referred to. When the original bill was filed under which Glass purchased, as appears in the answer of the tenants, and as is admitted by the agreed facts in the record, the notes given for the rent had been transferred and assigned to Briggs, who is not a party to this suit. They were transferred before due, and before the filing of the bill under which the land was sold. Glass clearly was chargeable with notice of this fact, and certainly did not, by any fair construction of his contract, understand himself as purchasing the rent with the land. The owners of the land, that is Foster and wife, were not at the time of the sale entitled to the rents, and Glass the vendee at the sale under the decree, by obtaining their title to the land, and taking their place by virtue of his purchase, could not claim a right which his vendees did’ not themselves have.
We therefore hold that in a case like this, the purchaser is not entitled to recover the rents, or to have an abatement for the amount of them on his notes.
There are other grounds on which he would be repelled in this case, or at any rate, which would *137 preclude him from having a decree in this case in his favor; but we deem this sufficient for the decision of the case.
We may add that a better practice in all such cases, and one that would prevent any misunderstanding as to the rights of. the parties, would be to settle the questiou as to rents in the decree ordering the sale.
The result is that a decree will be drawn in accordance with this opinion, and Glass will pay the costs of this contest in this court and in the court below.